Michael L. Justice, Esq. (SBN 146882)
Law Office of Michael L. Justice
5707 Corsa Avenue, Second Floor
Westlake Village, California 91362
Email: Mike@mikejusticelaw.com
818-991-4100; 818-991-4141 Fax

James W. Vititoe, Esq. (SBN 75164)
Vititoe Law Group
5707 Corsa Avenue, Second Floor
Westlake Village, California 91362
Jim@vititoe.com
818-991-8900

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER, an individual, | CASE NO: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. Strict Products Liability [Design Defect]<br>2. Strict Products Liability [Failure to Warn]<br>3. Negligence<br>4. Negligence [Failure to Recall] |
| PETZL AMERICA, INC., a corporation, THE PETZL GROUP, a corporation, PORT TOWNSEND RIGGERS, a business entity, | |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff Michael Baker hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over the parties under 28 U.S.C. §1332, Diversity of Citizenship. The amount in controversy exceeds $75,000, exclusive of interest and costs.

///

///

1

2. Plaintiff Michael Baker ("Baker") is an individual and at all relevant times was a citizen of the State of California. Baker seeks compensation and damages against Petzl America Inc., The Petzl Group, and Port Townsend Riggers for injuries and damages he suffered by utilizing a defective product that contained a design defect.

3. Defendant Petzl America Inc. ("Petzl") was a corporation organized under the laws of the State of Utah, and had its principle place of business in Utah. Petzl was licensed to conduct business, sell, design, manufacture, and distribute its products in the State of California.

4. Defendant The Petzl Group ("Petzl Group") was a corporation licensed under the laws of France, and was also licensed to conduct business, sell, design, manufacture, and distribute its products in the State of California. Baker alleges that at all times mentioned Petzl Group had its principle place of business in France.

5. Defendant Port Townsend Riggers ("Port Townsend") was a business entity, form unknown, organized under the laws of the State of Washington, and had its principle place of business in the State of Washington. Port Townsend was licensed to conduct business, sell, and distribute its products in the State of Washington.

6. Venue is proper in this District under 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this judicial district.

7. Based upon information and belief, Plaintiff alleges that at all relevant times, each of the defendants was the agent or employee of each of the other defendants and acted within the course and scope of said agency and employment.

///
///

## FIRST CAUSE OF ACTION FOR STRICT
## PRODUCTS LIABILITY [DESIGN DEFECT]

8. On September 11, 2017, Baker was lawfully, legally, and carefully using a Petzl Grigri 2 ("the Product"), which is more particularly described as an ascension and belay device that he purchased from defendant Port Townsend Riggers. Port Townsend Riggers was the retailer of The Product whereas Petzl and Petzl Group were responsible for the manufacture and design of the Product.

9. On September 11, 2017, Baker was aboard his sailboat in the Channel Islands Harbor in the City of Oxnard, County of Ventura, State of California. Baker used the Product in accordance with the instructions to ascend to the top of the mast which was 46' above the deck.

10. Upon reaching the top of the mast, Baker carefully opened the handle on the Product to begin his descent when, suddenly and without warning, the Product failed by completely opening up allowing the rope to run through its track without engaging the brake, thereby dropping Baker 46 feet, slamming his body hard on the deck below.

11. The Product failed because of a defect in its design. The design defects include, but are not limited to, the following: (1) the Product operates counter intuitively in that one must release the lever in order to activate the brake; (2) the rope can slide through the device at high speed, in which case the user will drop at a high rate of speed; (3) The Product is further counterintuitive in that the user flips the release handle over and pulls down to release rope and relaxes the downward force to increase the friction on the rope; (4) pulling the release handle can unexpectedly cause the user to drop at a high speed down the rope; (5) a user in a panic situation could be inclined to pull harder on the handle of the Product, causing it to release rope even faster when the user's intent was just the opposite; (6) the diameter of the rope path is too wide allowing for

3

sudden rapid descent. The allegations in this paragraph are not intended as an exhaustive list of defects.

12. Because of these design defects, and others not mentioned, the Product is defective insofar as it does not operate as a reasonable consumer would expect it to operate when used in a reasonably foreseeable manner. Baker alleges that he used the Product in a manner that was reasonably foreseeable.

13. Given the inherent design defects, Baker alleges that the defendants, and each of them, are strictly liable for his injuries, damages, harms, and losses.

14. Defendants, and each of them, negligently and carelessly, possessed, maintained, operated, designed, constructed, manufactured, assembled, distributed, inspected, and sold the Product.

15. As a direct result of the conduct of defendants, Baker has suffered personal injuries which have caused him to experience pain and suffering, entitling him to recover general (non-economic) damages in an amount that will be established at the time of trial.

16. As a direct result of the conduct of defendants, Baker has incurred, and will continue to incur, expenses and obligations resulting from the treatment of his personal injuries and his past and future loss of income, causing him to incur special (economic) damages in amount that will be established at the time of trial.

## SECOND CAUSE OF ACTION FOR FAILURE TO WARN

17. Baker hereby repeats and realleges each and every allegation in Paragraphs 1 through 16 of this complaint, and incorporates those allegations as if and as though they are fully set forth hereat.

18. The Product lacked sufficient warnings of the potential risks associated with the of use of the Product. More specifically, Baker alleges that the risks directly associated with the design defects were known to the defendants, and

4

COMPLAINT FOR DAMAGES

each of them.  In the alternative, the risks of using the Product were knowable to the defendants, and each of them, in light of the scientific knowledge that was generally available in the scientific community at the time of the manufacture, design, sale, and purchase, of the Product.

19. Based on the design defects described in ¶11 above, the product presented a substantial danger to users such as Baker when the Product was used in a manner that was reasonably foreseeable or misused in a manner that was reasonably foreseeable.

20. Baker further alleges that the design defects alleged in ¶11 above were not such that they would be recognized as a potential danger by the ordinary consumer.

21. The defendants, and each of them, failed to adequately warn Baker or instruct him on the known, or knowable, risks and dangers associated with the use of the Product.

22. As a direct result of the conduct of defendants, including the design defects, the failure to warn, and defendants actions and omissions, Baker has suffered personal injuries which have caused him to experience pain and suffering, entitling him to recover general (non-economic) damages in an amount that will be established at the time of trial.

23. As a direct result of the conduct of defendants, Baker has incurred, and will continue to incur, expenses and obligations resulting from the treatment of his personal injuries and his past and future loss of income, causing him to incur special (economic) damages in amount that will be established at the time of trial.

///
///
///
///
///

## THIRD CAUSE OF ACTION FOR NEGLIGENCE

24. Baker hereby repeats and realleges each and every allegation in Paragraphs 1 through 23 of this complaint, and incorporates those allegations as if and as though they are fully set forth hereat.

25. Defendants Petzl, Petzl Group, and Port Townsend Riggers were responsible for the Product's design, manufacture, inspection, purchase, sale, warnings and instructions associated with the Product.

26. Defendants Petzl, Petzl Group, and Port Townsend Riggers were negligent in the design, manufacture, inspection, purchase, sale, warnings and instructions associated with the Product. Additionally, Baker alleges that the defendants, and each of them, were negligent in the design of the Product and further by not using reasonable care to warn Baker or instruct him about the dangers of using the Product and which were not readily apparent to him.

27. Defendants, and each of them, knew (or based on the available scientific knowledge, should have known) that the Product was dangerous and posed a strong likelihood that it would fail even if used in a manner that was reasonably foreseeable.

28. Baker alleges that reasonable manufacturers, distributers, sellers, and retailers would have utilized a safer design and would have warned Baker and others about the known, or knowable, risks associated with using the Product in a manner that was reasonably foreseeable.

29. As a direct result of the defendants' negligence, Baker suffered serious and permanent injuries. Defendants' negligence was a substantial factor in causing Bakers injuries, harms, losses, and damages.

30. As a direct result of the negligence of the defendants, and each of them, Baker has suffered personal injuries which have caused him to experience pain and suffering, entitling him to recover general (non-economic) damages in an amount that will be established at the time of trial.

31. As a direct result of the negligence of the defendants, and each of them Baker has incurred, and will continue to incur, expenses and obligations resulting from the treatment of his personal injuries and his past and future loss of income, causing him to incur special (economic) damages in amount that will be established at the time of trial.

## FOURTH CAUSE OF ACTION FOR
## NEGLIGENCE - FAILURE TO RECALL

32. Baker hereby repeats and realleges each and every allegation in Paragraphs 1 through 31 of this complaint, and incorporates those allegations as if and as though they are fully set forth hereat.

33. Defendants Petzl, Petzl Group, and Port Townsend Riggers were responsible for the Product's design, manufacture, inspection, purchase, sale, warnings and instructions associated with the Product.

34. Defendants, and each of them, knew (or based on the available scientific knowledge, should have known) that the Product was dangerous and posed a strong likelihood that it would fail even if used in a manner that was reasonably foreseeable. Defendants became aware of these defects after the Product was sold to Baker.

35. Baker alleges that Petzl, Petzl Group, and Port Townsend Riggers failed to recall or warn Baker of the dangers associated with the Product. Further, Baker alleges that Petzl and Petzl Group recalled similar Grigri 2 devices in a certain range of serial numbers, but not the serial number of the Product that Baker purchased.

36. Baker alleges that a reasonable manufacturer, designer, distributor, retailer, or seller of the Product would have recalled the Product under the same or similar circumstances.

///

37. As a direct result of the defendants' negligence in their failure to recall the Product, Baker suffered serious and permanent injuries. Defendants' negligence was a substantial factor in causing Bakers injuries, harms, losses, and damages.

38. As a direct result of the negligence of the defendants, and each of them, Baker has suffered personal injuries which have caused him to experience pain and suffering, entitling him to recover general (non-economic) damages in an amount that will be established at the time of trial.

39. As a direct result of the negligence of the defendants, and each of them Baker has incurred, and will continue to incur, expenses and obligations resulting from the treatment of his personal injuries and his past and future loss of income, causing him to incur special (economic) damages in amount that will be established at the time of trial.

* * * * *

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

FOR ALL CAUSES OF ACTION:

1. For general damages, in excess of $50,000,000, but which will be established at the time of trial;

2. For special damages, in excess of $30,000,000, but which will be established at the time of trial;

///
///
///
///
///
///
///

3. For Prejudgement interest;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court deems just and proper.

Dated: September 4, 2019

LAW OFFICE OF MICHAEL L. JUSTICE

By: Michael L. Justice, Esq.
Attorneys for Plaintiff

\* \* \* \* \*

## DEMAND FOR JURY TRIAL

Plaintiff Michael Baker hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 4, 2019

LAW OFFICE OF MICHAEL L. JUSTICE

By: Michael L. Justice, Esq.
Attorneys for Plaintiff